IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Toiquan Ian Eady, # 348388, | ) C/A No. 5:12-368-JMC-KDW |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Warden Bernard McKie;<br>Dr. Neville;<br>Lt. Sims, and<br>Officer Conception, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate.[1] Plaintiff is incarcerated at the Kirkland Reception and Evaluation Center (Kirkland), part of the South Carolina Department of Corrections (SCDC) prison system. In his Complaint, Plaintiff alleges Defendants were indifferent to his safety needs when they failed to immediately place him in bottom bunk in a facility where he did not have to climb stairs when he presented Lt. Sims with an order from Dr. Neville. ECF No. 1 at 3. Plaintiff claims that he had been suffering seizures and when he saw the doctor at Kirkland in early January 2012, he received the bottom-bunk pass. *Id.* Within a few days of his receipt of the pass, but before he was given a bottom bunk or moved to place without stairs, he suffered another seizure, fell, and injured his back and shoulders. *Id.* He was immediately moved to a bottom bunk and began treatment that spanned the rest of the month of January. *Id.* at 4. Plaintiff recounts medical care provided to him, including an MRI, a visit with outside doctors for his back injury,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and being prescribed and receiving various medications for seizures and his back. *Id.* at 4-5. Plaintiff claims that he is still experiencing medical problems resulting from the fall. *Id.* at 3-4.

The envelope in which Plaintiff's Complaint was mailed to the court bears a prison stamp dated February 2, 2012; therefore, that is the date that will be used for legal purposes as the date of filing of this case. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court). In providing information regarding exhaustion of administrative remedies prior to initiating this suit, Plaintiff provides two dates for the filing of SCDC grievances about the matters involved in this Complaint: January 6, 2012 and January 31, 2012. ECF No. 1 at 2. It is not clear whether these two dates apply to two different Step 1 grievances or whether the January 6th date applies to the filing of a Step 1 grievance and the January 31st date to the filing of a Step 2 grievance to pursue completion of the SCDC administrative process applicable when the conditions of a prisoner's confinement are at issue. Regardless, both dates Plaintiff provides are within 40 days of the February 2, 2012 filing date for the Complaint in this case, meaning Plaintiff filed his Complaint before SCDC's time to respond had passed. Further, Plaintiff answered no when asked whether he had received SCDC's final answer or determination to his grievance. *Id.* Plaintiff indicates SCDC's answer/determination is still pending. *Id.*

## **Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which litigant seeks to proceed *in forma pauperis* at any time the court determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## **Analysis**

Plaintiff's Complaint should be summarily dismissed without service on any Defendant because it was filed prematurely, before he fully exhausted his SCDC administrative remedies as required by 42 U.S.C. § 1997e. In enacting the Prison Litigation Reform Act of 1996 (PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA provides, in part: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

3

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Accordingly, before Plaintiff may proceed with any claim based on the conditions of his confinement against any Defendant in this court, he must first exhaust his administrative remedies available through the SCDC grievance process regarding claims he raises.[2] Requiring Plaintiff to proceed in the SCDC administrative process before pursuing any federal remedies he may have provides him with an opportunity to prevail within the SCDC system that will be lost if the federal court proceeds without requiring that state remedies be exhausted.

The United States Supreme Court has held that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Woodford v. Ngo*, 548 U.S. 81 (2006) (prisoners must properly exhaust their administrative remedies before coming into court); *Porter v. Nussle*, 534 U.S. 516 (2002); *Jones v. Smith*, 266 F.3d 399 (6th Cir. 2001) (noting exhaustion required even though plaintiff claimed futility); *Larkin v. Galloway*, 266 F.3d 718 (7th Cir. 2001) (exhaustion required even though plaintiff claimed he was afraid); *see also Claybrooks v. Newsome*, 18 F. App'x 243 (4th Cir. 2001) (applying *Booth v. Churner* to affirm district court's denial of relief to plaintiff). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, *Jones v. Bock*, 549 U.S.199 (2007), if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, the Fourth Circuit finds that *sua sponte* dismissal prior to service of the complaint is appropriate.

---

[2] In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by SCDC met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

4

*See Anderson v. XYZ Corr. Health Serv.*, 407 F. 3d 674, 683 (4th Cir. 2005).

Specifically, the SCDC policy time limits under the most recent version of the policy are summarized as follows: After unsuccessful attempts at informal resolution of the problem(s), (1) an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen days of the alleged incident; (2) the grievance must then be entered into SCDC's automated system, and the Institutional Inmate Grievance Coordinator (IGC) notified so that the information in the automated system can be finalized and an attempt to informally resolve it before sending it to the Warden can be made within ten working days from the time the grievance is submitted; (3) the Warden should respond to the inmate in writing within 40 days of the Warden's receipt of the Step 1 grievance and the IGC has five working days to provide the Step 1 response to the inmate; (4) the inmate may then appeal the Warden's response by completing a Form 10-5a (Step 2 Appeal) and submitting it to the IGC within five calendar days of the inmate's receipt of the response; (5) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal and the Branch has another five calendar days to get the Step 2 appeal to the responsible SCDC official (the Division Director of Operations) for a response; **(6)** the Division Director of Operations then has sixty days from the day the appeal was received by the IGC at the institution to respond to the Step 2 grievance, and finally, **(7)** the IGC then has another five days to serve the inmate with the Step 2 response. SCDC Policy/Procedure GA-01.12,§§ 11; 13.1-13.6 (Sept. 1, 2009). The decision of the responsible official who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

In this case, the lack of full administrative exhaustion is clear on the face of Plaintiff's Complaint. His own answers to the relevant questions on the complaint form disclose that by filing

his Complaint fewer than 30 days after the earliest date he gave for filing any grievance (January 6, 2012), he did not give the SCDC internal grievance system time to work because he did not wait the 40 days allowed for the Warden to issue an initial response to his Step 1 grievance. The result is no different assuming he listed the two separate dates for the filing of grievances because he received a response from the Warden to a Step 1 grievance and then he filed a Step 2 appeal grievance on January 31, 2012. Under those circumstances, his Complaint would still be premature because he did not allow the required 60 days for a response from the SCDC official responsible for responding to Step 2 grievances. In any event, Plaintiff's response of no to the question asking whether he had received the agency's final response and his notation that SCDC's response was still pending makes the lack of administrative exhaustion prior to the filing of this case clear and requires dismissal of the Complaint.

## **Recommendation**

Accordingly, it is recommended the Complaint in this case be dismissed *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[signature]*

March 1, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**Plaintiff is directed to note the important information in the attached Notice of Right to File Objections to Report and Recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).