**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Toiquan Ian Eady, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 5:12-cv-00368-JMC |
| ) | |
| Warden Bernard McKie, Dr. Neville, ) | |
| Lt. Sims, Officer Conception, ) | **ORDER AND OPINION** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 13], filed on March, 1 2012, regarding Plaintiff Toiquan Ian Eady's ("Plaintiff") claims of deliberate indifference on the part of prison staff at the South Carolina Department of Corrections' ("SCDC") Kirkland Reception and Evaluation Center where Plaintiff was previously incarcerated. Plaintiff anticipated that he would be released from SCDC custody on March 30, 2012.[1] The Magistrate Judge recommends that this court dismiss the complaint without prejudice and without issuance and service of process on the grounds that Plaintiff failed to exhaust the available administrative remedies before pursuing his claim in federal court as required by the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a). The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

---

[1] Plaintiff submitted a Notice of Change of Address on March 20, 2012 [Dkt. No. 19]. His new address was the Lee County Correctional Institution. Plaintiff also listed an address where he expected to live following his anticipated release on March 30, 2012. The court takes judicial notice that Plaintiff is no longer listed as an inmate with SCDC at the time of this opinion. *See* South Carolina Department of Corrections Inmate Search, http://www.doc.sc.gov/InmateSearchDisclaimer.jsp (last visited Dec. 3, 2012).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Adams v. South Carolina*, 244 F. App'x 534, 535 (4th Cir. 2007); *Wright v. Collins,* 766 F.2d 841, 845-46 (4th Cir.1985); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff timely filed objections [Dkt. No. 17] to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).

Upon review, the court finds that Plaintiff objects to the requirement that he pursue administrative remedies on the grounds that he is no longer incarcerated by SCDC. Specifically, Plaintiff argues that to pursue administrative remedies after his release from incarceration would be futile because the prison's grievance system would no longer provide him any relief. Plaintiff further argues that if his case is dismissed, he will file a second claim, and that such a process would not serve the interests of judicial economy. Several United States circuit courts of appeals have held that an inmate's release from prison while his § 1983 action is pending does not exempt him from the PLRA's administrative exhaustion requirement. *See Cox v. Mayer,* 332 F.3d 422, 424–25 (6th Cir. 2003); *Ahmed v. Dragovich,* 297 F.3d 201, 210 (3rd Cir. 2002); *Dixon v. Page,* 291 F.3d 485, 488–89 (7th Cir. 2002); s*ee also Hardee v. Turner*, 5:09-CT-3199-FL, 2011 WL 2173624 (E.D.N.C. June 2, 2011). These holdings reflect the unambiguous language of the PLRA which states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Here, Plaintiff brought this action while he was a prisoner. Furthermore, Plaintiff brought this action pursuant to section 1983 challenging his treatment by prison officials. *See Cox*, 332 F.3d at 425 (noting the Supreme Court's broad interpretation of the statutory phrase "prison conditions" such that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." (quoting *Porter v. Nussle,* 534 U.S. 516 (2002))). Therefore, the Magistrate Judge correctly determined that Plaintiff must exhaust the available administrative remedies before the instant claim can be adjudicated in federal court.

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court accepts the Report and Recommendation [Dkt. No. 13] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 3, 2012
Greenville, South Carolina